J-A28037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB WILLIAM ACKERMAN | : | |
| | : | No. 240 WDA 2020 |

Appeal from the Order Entered January 13, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001961-2018

BEFORE: OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED DECEMBER 21, 2020**

The Commonwealth appeals from the order entered in the Westmoreland County Court of Common Pleas, granting in part the oral motion *in limine* of Jacob William Ackerman (Appellee).[1] The Commonwealth avers: (1) it preserved a challenge to the untimely or surprising nature of Appellee's motion; and (2) the trial court erred in ruling evidence of rifle, ammunition, and ballistic evidence was not admissible at trial. We affirm.

On appeal, the Commonwealth avers the following: Appellee "was a trainee-employee at West Penn Power and its Hempfield Township, Westmoreland County training facility." Commonwealth's Brief at 7. On April 28, 2018, the trainees received their employment assignments, but an

_____

[1] The Commonwealth certified in its notice of appeal that the trial court's order substantially handicaps its prosecution of this matter. *See* Pa.R.A.P. 311(d).

employment position was not extended to Appellee.  *Id.*  That same morning, Appellee recorded and distributed a video of himself "to fellow students in a group-chat message."  *Id.*  The video showed Appellee stating, "[W]e are going in boys," and "I got the vest," and showed "an AR-15 assault style rifle, ammunition and ballistic vest."  *Id.*  The other students alerted West Penn Power supervisors, who then notified the police.

Pennsylvania State Police Trooper Dominick Berlin responded to West Penn Power's call that same morning.  Trooper Berlin also interviewed Appellee, who acknowledged he "sent the cell phone video[, but] related that he would never hurt anyone nor think of doing so[, and] that his actions and sending the video was not the best choice."  Affidavit of Probable Cause, Attachment to Police Criminal Complaint, 5/11/18.  According to the Commonwealth, state troopers recovered a rifle, ammunition, and a ballistics vest from Appellee's residence.  Commonwealth's Brief at 8-9.  An information was filed on July 11, 2018, charging Appellee with three counts of terroristic threats.[2]

Eighteen months later, on January 13, 2020, the parties appeared before the trial court for jury selection.  *See* Commonwealth's Brief at 10. Appellee, however, presented a motion *in limine*,[3] seeking to preclude the

---

[2] 18 Pa.C.S. § 2706(a)(1)-(2).

[3] There is no written motion *in limine* in the record or on the trial docket.

Commonwealth from introducing both: (1) the video; and (2) the assault rifle, ammunition, and ballistic vest depicted in the video. N.T., 1/13/20, at 2, 8. Appellee argued, *inter alia*, the presence of a rifle, "right in front of the jury," would "enflame the jury especially . . . where we have such a veracious gun debate [and] do nothing but make them make an emotional decision." ***Id.*** at 3. The Commonwealth responded all of its evidence would be prejudicial against Appellee, but the proper standard is whether evidence would be **unduly** prejudicial, and the mere "fact that [evidence] would make the jury consider [Appellee's] guilt more heavily [does not go to] whether the Court should keep it out." ***Id.*** at 4-5.

On the same day, January 13, 2020, the trial court issued the underlying order, denying in part Appellee's motion *in limine* by allowing the Commonwealth to introduce the video. However, the order granted Appellee's motion in part by precluding the rifle, ammunition and ballistic vest. Order, 1/14/20.[4] The court found the rifle, ammunition, and ballistic vest were relevant evidence "only insofar as [they] would tend to show that the threat was communicated by [Appellee] with the intent to terrorize the recipients," and that the items "are real." Opinion & Order of Court, 1/14/20, at 2. However, the court also reasoned that neither Appellee's "ability to carry out

---

[4] The trial court's "Opinion and Order of Court" is dated January 13, 2020, but was entered on the trial docket with a filing date of January 14th. For ease of review, we cite this filing with the January 14, 2020, docket-entry date.

the alleged threat," nor the video recipients' perception as to whether "the threat would be carried out," is an element of the offense charged (terroristic threats). *Id.* The court concluded the "limited probative value" of the evidence was outweighed by, "in the [c]ourt's view," the Commonwealth's "attempt to arouse the jury's sense of horror and . . . appeal to the jury's emotions rather than to its intellect." *Id.* at 2.

The Commonwealth filed a motion for reconsideration, arguing for the first time that it did not have "advance notice" of Appellee's motion *in limine* and thus was not prepared to respond and did not have witnesses present.[5] Commonwealth's Motion for Reconsideration, 1/27/20, at 2. The Commonwealth further averred the trial court should have created an evidentiary record, and not just heard oral argument, before ruling on the motion. *Id.*

The trial court issued an order, noting the Commonwealth did not object to "being surprised by [Appellee's] motion *in limine*" at the time of the hearing, and the reconsideration motion did not specify "what relevant testimony and evidence it now seeks to present." Order, 1/27/20. The court thus deferred

---

[5] This motion did not challenge the merits of the evidentiary ruling. We also note this motion is dated January 15, 2020, and the trial court's responsive order is dated January 23rd. *See* Commonwealth's Motion for Reconsideration, at 3; Order, 1/27/20. However, both are entered on the trial docket with filing dates of January 27th. We cite these filings with their January 27, 2020, docket-entry dates.

- 4 -

ruling on the Commonwealth's motion pending "an offer of proof of the testimony and evidence" relevant to the *in limine* ruling. **Id.** The Commonwealth filed a response on February 4, 2020. Before the trial court issued a ruling, however, the Commonwealth filed a timely notice of appeal on February 12, 2020. It subsequently complied with the court's order to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

The Commonwealth raises the following issue for our review:

> Did the trial court err when on the day this case was scheduled for trial, the court received, considered and granted [Appellee's] Motion *in Limine* without an evidentiary hearing because the court determined that the firearm, ballistic vest and ammunition [Appellee] used to commit the charged crime, Terroristic Threats, was generally irrelevant to the crime and the prejudicial value resulting from the introduction of such evidence at trial outweighed its probative value, thereby barring the Commonwealth from introducing the evidence at trial[?]

Commonwealth's Brief at 6.

The Commonwealth discussion presents two claims: (1) that it did not waive, as the trial court suggests, a procedural challenge to Appellee's "surprise[ ]" motion *in limine*; and (2) the trial court erred in precluding from evidence the rifle, ammunition, and ballistic vest. Commonwealth's Brief at 19, 34. We review these *seriatim*.

The Commonwealth first addresses the trial court's contention that it "waived any procedural objections to" Appellee's motion *in limine*. Commonwealth's Brief at 19. The Commonwealth maintains that over a year and a half (following Appellee's July 2018 formal arraignment), the case

"proceeded through numerous calls of the criminal list" without any mention by Appellee of a pre-trial motion. *Id.* at 20. Indeed, the Commonwealth points out, Appellee appeared before the court on January 9, 2020, "and called his case ready to proceed to trial on January" 13th. *Id.* However, at the January 13th proceeding, Appellee hand-delivered a motion *in limine*, where the Commonwealth "noted for the trial court that [it] had just received the motion," and the trial court likewise "recognized that it had not even seen [Appellee's] motion *in Limine*." *Id.* at 21, *quoting* N.T., 1/13/20, at 2 (trial court stating: "[Defense counsel], I haven't seen your motion yet, but I will look at it as you speak, so go ahead."). The Commonwealth further avers the trial court should not have ruled on the motion *in limine* in the absence of an evidentiary record. *See id.* at 29. After careful review, we agree with the trial court this procedural challenge is waived.

"Error may not be predicated upon a ruling that admits [ ] evidence unless . . . a timely objection . . . appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]" ***Commonwealth v. Parker***, 104 A.3d 17, 28 (Pa. Super. 2014), *citing* Pa.R.Evid. 103(a)(1). ***See also Commonwealth v. Bruce***, 916 A.2d 657, 671 (Pa. Super. 2007) ("[A] failure to offer a timely and specific objection results in waiver of this claim.").

The Commonwealth does not point to, and our review has not revealed, any particular place in the January 13, 2020, hearing where it objected to the

untimely or surprising nature of Appellee's motion *in limine*. ***See also*** Pa.R.A.P. 2117(c)(1), 2119(e) (where "an issue is not reviewable on appeal unless raised or preserved below," the statement of the case and argument sections of an appellant's brief must specify the place in the record where their issue was raised before the trial court). Although both the Commonwealth and the trial court commented they just received the motion at the hearing — and the trial court stated it would nevertheless hear the merits therein — the Commonwealth advanced no argument that it was unfairly surprised by the motion, or that the court should not entertain the motion. ***See Parker***, 104 A.3d at 28. Accordingly, we conclude this particular claim is waived.

Next, the Commonwealth contends the trial court abused its discretion in excluding the assault rifle, ammunition, and ballistic vest recovered from Appellee's residence. The Commonwealth maintains this evidence was "highly probative to establish [Appellee] threatened a mass shooting[ ] and intended to terrorize his victims and inflict psychological distress." Commonwealth Brief at 36. It asserts "these items are inseparable from video itself[ as] they are all part of the whole terroristic threat," "[c]ontext and perspective matter," and that "[a]bsent the rifle, ammunition and ballistic vest, [Appellee's] video is pruned [sic] to merely [Appellee] laughing and stating he is 'going in' with 'a vest,' thereby substantially changing the threat communicated." ***Id.*** at 39, 40. Finally, the Commonwealth argues the court's finding, that the probative

value of the evidence would be outweighed by its prejudicial effect, "was based upon . . . mere speculation." *Id.* at 50. We conclude no relief is due.

"The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion." ***Commonwealth v. Page***, 965 A.2d 1212, 1219 (Pa. Super. 2009) (citation omitted). This Court has stated:

> Evidence, even if relevant, may be excluded if its probative value is outweighed by the potential prejudice. Pa.R.E. 404(b)(3).
>
> > The probative value of the evidence might be outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, pointlessness of presentation, or unnecessary presentation of cumulative evidence. Pa.R.E. 403. The comment to Pa.R.E. 403 instructs that: "'Unfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403 cmt. Additionally, when weighing the potential for prejudice, a trial court may consider how a cautionary jury instruction might ameliorate the prejudicial effect of the proffered evidence. Pa.R.E. 404(b) *cmt*.
>
> However, "[e]vidence will not be prohibited merely because it is harmful to the defendant." "[E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case."

*Id.* at 1220 (some citations omitted).

Appellant was charged under the following subsections of the terroristic threats statute:

**(a) Offense defined.**—A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

(1) commit any crime of violence with intent to terrorize another; [or]

(2) cause evacuation of a building[.]

*See* 18 Pa.C.S. § 2706(a)(1)-(2). This Court has explained:

"[N]either the ability to carry out the threat nor a belief by the person threatened that it will be carried out is an essential element of the crime." "Rather, the harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security."

***Commonwealth v. Kline***, 201 A.3d 1288, 1290 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1038 (Pa. 2019).

In the case *sub judice*, the trial court viewed the video at issue. Rule 1925(a) Op., 6/2/20, at 2.[6] In excluding evidence of the rifle, ammunition, and ballistic vest from presentation at trial, the court reasoned:

The [c]ourt considered the video and the parties' arguments in balancing the probative value of the excluded items against their danger for unfair prejudice. As stated in the Commonwealth's Answer, "**it is the making of the threat with intent to terrorize that constitutes the crime**," and not [Appellee's] "intent to carry out the threat." On this basis the [c]ourt concluded that where [Appellee's] alleged threat was a recorded and distributed video, presentation of the rifle, ammunition and ballistic vest depicted in the video would too likely "arouse the jury's sense of horror and provoke its instinct to punish, and more generally be an appeal to the jury's emotions rather than to its intellect," and would outweigh the items' limited probative value

_____

[6] This opinion is dated May 27, 2020, but entered on the trial docket with a filing date of June 2nd.

of [Appellee's] intent to terrorize. The Commonwealth's Motion for Reconsideration and Answer suggest nothing new that was not already presented by the Commonwealth at argument and considered by the Court in ruling that the danger for unfair prejudice in presenting the above items outweighs their limited probative value.

*Id.* at 2-3 (citations omitted). We agree with this analysis.

As the Commonwealth acknowledges, the terroristic threats charges do not require a showing of Appellee's ability to carry out the threat or a belief, by the individuals who received or viewed the video, that Appellee would carry out the threat. *See* 18 Pa.C.S. § 2706(a)(1)-(2); *Kline*, 201 A.3d at 1290; Commonwealth's Brief at 38. Instead, the Commonwealth must establish Appellee communicated, "directly or indirectly, a threat to commit [a] crime of violence with intent to terrorize another[, or] cause evacuation of a building." *See* 18 Pa.C.S. § 2706(a)(1)-(2). Where the trial court ruled the video was admissible at trial, the court found the presentation of the rifle, ammunition, and ballistic evidence would have "limited probative value," which would be outweighed by the potential prejudice of "arous[ing] the jury's sense of horror" and appealing to the jury's emotions. *See* Trial Ct. Op. at 2-3. The court did not abuse its discretion, and we do not disturb its order granting in part and denying in part Appellee's motion *in limine*. *See Page*, 965 A.2d at 1219.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/2020